PER CURIAM.

(No. 7069—Claimant )

ROBERT W. MILAM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1973.*

ROBERT W. MILAM, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER and MARTIN SOLL, Assistant Attorneys General, for Respondent.

BURKS, J.

Claimant, Robert Milam, seeks recovery of $337.10 for damages incurred when three wards of the Illinois

Valley View Boys School escaped and stole claimant's automobile and personal property, which was stored in the vehicle.

Departmental reports of the Department of Corrections by John R. Platt, Superintendent of the Valley View Boys School, were submitted along with a Joint Stipulation entered into between the parties.

The submitted departmental reports, recommending that an award be made to claimant, contained the following information:

"On the evening of September 24, 1972, at approximately 8:35 p.m., three students in the custody of this Institution effected an escape. The students, Andre Smith, Randall Reaves and Robert Davis, had been committed to the Department as delinquents and, in the case of Reeves and Davis, had had previous histories involving auto theft, criminal trespass to vehicles, and robbery.

The students apparently hid in a large field in a gulley adjacent to the Institution and, in spite of our search efforts, were undetected. The Institution shift change occurred at 10:00 p.m., and Mr. Milam reported to work.

Because of shortages in personnel, we were unable to man the Institution gate and consequently it was left open to permit search vehicles access to the Institution grounds. Our failure to provide security on the gate permitted the students to leave their place of concealment, re-enter the Institution and have unhampered access to Mr. Milam's vehicle, which they broke into, hot-wired and drove to Chicago.

Because of our lack of adequate personnel, we neglected to provide security for the parking area. Mr. Milam had exercised ordinary care in terms of locking his vehicle in conforming with the regulation of the Institution.

Retrospectively, we were at fault in not taking adequate precautions to insure the integrity of our employee's property. As indicated, two of the three students involved have histories involving theft and criminal trespass to vehicles.

The students were subsequently apprehended and admitted to the auto theft and wrecking the car. They were transferred to more secure facilities per the Department's decision."

Since the State is not an insurer, claimant must prove negligence on the part of respondent before any award is granted for damage from an escaped inmate. *Jones* v. *State, 26 C.C.R. 163 (1967).*

It is the opinion of this court that the investigation and report of the Department of Corrections establish and concede respondent's negligence in permitting three youths who had had previous histories in such criminal propensities, to escape from the Valley View Boys School and, while on escape, steal the automobile belonging to Robert Milam. Respondent has stipulated as to the amount of claimant's loss.

Claimant, Robert Milam, is hereby awarded damages in the sum of $337.10.